UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Herbert Ruggles and
Kevin L. Roberts, et al.,

Plaintiffs,

-V-

Case No. 2:03-cv-00617
Judge Michael H. Watson

Bulkmatic Transport Company,

Defendant.

## OPINION AND ORDER

Plaintiffs in this putative class are owner operators of trucks. They bring this action under the Truth in Leasing Regulations, 49 C.F.R. Part 376, asserting, inter alia, that on certain flat rate shipments, defendants charged customers one rate but used a second, reduced rate in determining compensation owed to plaintiffs and putative class members under leases with defendant. This matter is before the Court on the motion to intervene of the Owner-Operator Independent Drivers Association, Inc. ("OOIDA"), and Andrey Braslavets, Nelson Hernandez, Simon Jamel, Joseph Lopez, Peter C. Mango, David P. Paul, John W. Robertson, John A. Smith, Thomas R. Taylor, and Kenneth S. Ward ("Illinois Plaintiffs"). Plaintiffs and defendant in the instant case oppose the motion to intervene. For the reasons that follow, the Court denies OOIDA's and the Illinois Plaintiffs' motion to intervene.

OOIDA and the Illinois Plaintiffs seek to intervene as a matter of right under Fed. R. Civ. P. 24(a). Rule 24(a) states as follows:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). To intervene as a matter of right, the proposed intervenor must show:

> (1) timeliness of application; (2) a substantial legal interest in the case; (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the court.

*N.E. Coalition for the Homeless and Serv. Employees Intern. Union Local 1199 v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006). "'The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied.'" *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2006)(quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.1989)).

### A. Timeliness

The Sixth Circuit has identified several factors to be established in determining whether a request for intervention is timely:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Grubbs v. Norris,* 870 F.2d 343, 345 (6th Cir.1989).

OOIDA and the Illinois Plaintiffs argue their motion to intervene is timely because they were not served with the proposed settlement until September 14, 2006, and filed their motion on September 21, 2006. For the proposition that a motion to intervene made before the fairness hearing is timely, OOIDA and the Illinois Plaintiffs rely upon *Telelectronics Pacing Systems, Inc. V. TPLC Holdings,* 221 F.3d 870, 882 (6th Cir. 2000).

Plaintiffs in the instant case contend that the motion to intervene is untimely because OOIDA and the Illinois Plaintiffs were aware of this action OOIDA and the Illinois Plaintiffs were familiar with Plaintiffs' claims and the differences between this case and the Illinois case from the beginning. Plaintiffs point out that on March 17, 2005, OOIDA and the Illinois Plaintiffs filed a motion for leave to file an *amicus* brief in this case. Plaintiffs maintain that parties with a longstanding interest in litigation cannot wait until settlement negotiations are complete before seeking to intervene, relying on *Scardelletti v. DeBarr,* 265 F.3d 195, 203 (4th Cir. 2001).

The Illinois Plaintiffs have long known of the instant litigation. The Court agrees with Plaintiffs that prospective interveners may not wait until a matter is provisionally settled to seek to intervene to object to the settlement. To allow prospective interveners to wait in the wings until a provisional settlement is reached would have a chilling effect on settlements, and thereby run counter to the strong policy favoring settlement of class actions. *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). Accordingly, the Court finds that the motion to intervene of OOIDA and the Illinois Plaintiffs is untimely. Although this ruling is dispositive, the Court will briefly examine the remaining elements

as alternative bases for its decision.

### B. Substantial legal interest

OOIDA and the Illinois Plaintiffs argue that they have a substantial interest in the instant case because if the settlement is approved, their claims will be released. Defendant maintains that OOIDA and the Illinois Plaintiffs will not be bound by the settlement because they may opt out. Indeed, as Defendant points out, OOIDA and the Illinois Plaintiffs have repeatedly represented to the Illinois court that they intend to opt out of any settlement reached in the instant case. Plaintiffs assert the same argument. Given that OOIDA and the Illinois Plaintiffs have stated their intention to opt out, the Court cannot say that OOIDA and the Illinois Plaintiffs have a substantial interest in the case at bar.

### C. Impairment of ability to protect interest

OOIDA and the Illinois Plaintiffs argue that if intervention is not granted, they will not be able to protect their interests. In this regard, OOIDA and the Illinois Plaintiffs maintain the proposed settlement is grossly inadequate.

Plaintiffs contend that OOIDA and the Illinois Plaintiffs may protect their interests by challenging the settlement at the fairness hearing. Plaintiffs also assert that it would be improper to consider the fairness of the proposed settlement before the fairness hearing.

The Court finds that OOIDA and the Illinois Plaintiffs may protect their interests, if they choose to, by challenging the proposed settlement at the fairness hearing. Furthermore, the Court agrees with Plaintiffs that it would be premature to examine the fairness of the proposed settlement before the fairness hearing.

### D. Inadequate representation

OOIDA and the Illinois Plaintiffs argue that the representation in the instant case is inadequate in light of the fact that the proposed settlement represents a recovery of less than ten cents on the dollar. As indicated above, the Court finds that any challenge to the proposed settlement is premature.

For the above reasons, the Court finds that OOIDA and the Illinois Plaintiffs are unable to satisfy any of the elements required for intervention. Consequently, the Court **DENIES** the motion of OOIDA and the Illinois Plaintiffs to intervene (Doc. 94).

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**